IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NATHAN C.E. LINES,

        Petitioner,

    v.

SUE WASHBURN,

        Respondent.

Case No. 2:18-cv-01915-SI

OPINION AND ORDER

    Nathan C.E. Lines
    352 SE Maple Street
    Hillsboro, Oregon 97123

        Petitioner, *Pro Se*

    Ellen F. Rosenblum, Attorney General
    Samuel A. Kubernick, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

SIMON, DISTRICT Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his 2011 Washington County conviction for Driving Under the Influence of Intoxicants ("DUII"). For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

At approximately 3:00 a.m. on March 14, 2011, Washington County Sheriff's Corporal Patrick Altiere pulled Natasha Sandstrom over based upon driving infractions he witnessed. Petitioner was sitting in the passenger seat. The Officer learned that Sandstrom was driving with an expired license, and told her that she could find someone to drive the car or he would need to tow it from the side of the road. Sandstrom indicated that Petitioner could drive the car. Altiere verified that Petitioner's license was valid, and asked if Petitioner was "okay to drive." Trial Transcript, p. 55. Both Sandstrom and Petitioner nodded their heads. *Id.*

Washington County Sheriff's Deputy Eamon O'Reilly arrived on the scene to assist, and witnessed Petitioner get into the driver's seat of the car and pull away. O'Reilly followed, and observed the vehicle drift over the center line and weave within its lane. As a result, O'Reilly pulled Petitioner over. He smelled an odor of alcohol as he approached the car, and observed that Petitioner's eyes were droopy, his face was relaxed, and his speech was slow. *Id* at 119.

Petitioner explained that he had been driving erratically because he had been arguing with Sandstrom regarding her earlier citation for driving with a suspended license. O'Reilly put Petitioner through field sobriety tests, which he failed. O'Reilly arrested Petitioner for DUII and took him to the police station where Petitioner refused to take a breathalyzer test.

The Washington County Grand Jury indicted Petitioner on one felony count of DUII, and Petitioner proceeded to a jury trial. Petitioner primarily focused his defense on the theory that Officer Altiere entrapped him. Specially, he claimed that Altiere ordered him to drive the car despite being visibly and obviously intoxicated. Defense counsel asked for an entrapment instruction, but the trial court refused to give one and invited an exception to it at the appropriate time. *Id* at 301-04. After instructing the jury, the trial judge asked for exceptions to the instructions, but defense counsel responded that he had no exceptions to take. *Id* at 345.

During deliberations, the jury posed two questions pertaining to entrapment, which the judge read into the record:

> Essentially the same thing but - the first one reads if an officer does not force but allows someone to drive who he has a suspicion that he may be intoxicated, only then to pull him over later to convict of that charge would that be considered Entrapment? In the case of Entrapment, is the defendant subject to acquittal?

Trial Transcript, p. 346.

Defense counsel took the opportunity to once again advocate for an entrapment instruction, stating "I'd say give them the

3 - OPINION AND ORDER

instruction for Entrapment. I think that they thought it was a valid issue. I thought it was, they think that it's an issue in the case, so. I'd ask the Court to reconsider and give the Entrapment instruction. Other than that, no answer whatsoever." *Id.* The trial judge refused to give the instruction and indicated, "The Court's gonna reply on both of these, you may not consider the defense of Entrapment." *Id.*

The jury unanimously convicted Petitioner of the DUII charge, and the trial court sentenced him to 24 months in prison to be followed by two years of post-prison supervision. Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Lines*, 258 Or. App. 534, 311 P.3d 527, *rev. denied*, 354 Or. 490, 317 P.3d 255 (2013).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR court denied relief. The Oregon Court of Appeals affirmed the lower court's decision without opinion, and the Oregon Supreme Court denied review. *Lines v. Cain*, 291 Or. App. 842, 419 P.3d 811, *rev. denied*, 363 Or. 727, 429 P.3d 386 (2018).

On November 2, 2018, Petitioner filed this 28 U.S.C. § 2254 habeas corpus case raising three grounds for relief:

> 1. Petitioner's conviction was resulted from the use of evidence obtained pursuant to an unlawful arrest where Officer Altiere entrapped him;
>
> 2. Trial counsel was ineffective insofar as he failed to: (a) request the video and audio recordings of Altiere's traffic stop of

Sandstrom; and (b) take exception to the trial court's decision not to include an entrapment defense, leaving that issue unpreserved for appellate review; and

3. The trial judge deprived Petitioner of his right to a fair trial when he failed to recuse himself on the basis that he had a prior personal relationship with Sandstrom (Ground 3(a)), and appellate counsel was ineffective when he failed to appeal the denial of a motion for new trial based upon the judge's failure to recuse himself (Ground 3(b)).

Respondent asks the Court to deny relief on the Petition because: (1) With the exception of Ground 2(b), all of Petitioner's claims are procedurally defaulted; and (2) the state PCR court's decision to deny relief on Ground 2(b) was a reasonable one. Although Petitioner's memorandum supporting his Petition was due on September 6, 2019, he has not filed the memorandum or otherwise responded to Respondent's arguments.

## DISCUSSION

### I. Exhaustion and Procedural Default

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v.*

*Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

As Ground One, Petitioner alleges that his conviction is unlawful because it resulted from entrapment by Altiere. A review of the record reveals that Petitioner raised no such claim during his direct appeal. Instead, he pursued claims that the trial court erroneously made a credibility finding pertaining to the entrapment defense, and failed to instruct the jury on (or allow it to consider) entrapment. Respondent's Exhibit 105. Because the

time for presenting new claims to Oregon's state courts has passed, Ground One is procedurally defaulted.

In Ground 2(a), Petitioner asserts that trial counsel failed to request audio and video evidence from the traffic stop while Sandstrom was driving. Petitioner initially raised the claim in his PCR Petition, but abandoned it during his PCR appeal. *See* Respondent's Exhibit 111, pp. 4-5; Respondent's Exhibit 126. Ground 2(a) is therefore procedurally defaulted.

Petitioner's Ground Three claims of trial court error and ineffective assistance of appellate counsel are also procedurally defaulted where he did not directly appeal the denial of his motion for a new trial, and where he did not pursue his claim of ineffective assistance of appellate counsel during his PCR appeal. Respondent's Exhibits 105 & 126. Accordingly, Petitioner's sole remaining claim for review on its merits is his Ground 2(b) claim that trial counsel was ineffective when he failed to take exception to the trial court's refusal to instruct the jury on entrapment.

II. **The Merits**

    A. **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

B. **Analysis**

The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556

8 - OPINION AND ORDER

U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

As discussed in the Background of this Opinion, trial counsel advocated for the inclusion of an entrapment instruction, but the trial court refused to issue it. When the judge asked for any exceptions to his jury instructions, trial counsel did not take any exceptions. The PCR court found that by this omission, counsel's performance fell below an objective standard of reasonableness, but that the error did not result in prejudice:

> The legal basis for denial of relief is: Petitioner's trial attorney did not take an

9 - OPINION AND ORDER

> exception when the trial court refused to give his requested jury instruction on entrapment and did not except to the trial court refusing to give the entrapment instruction in response to a jury question and did not except to the court instructing the jury that entrapment could not be considered. Since entrapment was the primary basis of Petitioner's defense at trial, one would expect a reasonably competent trial attorney to make the necessary exceptions to preserve the matter for appeal.
>
> Petitioner has, however, failed to prove that he was prejudiced by this failure in any respect. First, there is no evidence that the trial judge would have reversed himself and given the entrapment instruction if an exception had been taken. Secondly, Petitioner has failed to prove that there is a tendency that he would have been successful on appeal if the trial attorney had made the exceptions. The facts of the case did not meet the definition of entrapment in ORS 161.275. There was no evidence that Officer Altiere knew that Petitioner was under the influence when he either allowed or "ordered" him to drive the car from the scene of the first stop. Petitioner has also failed to prove that he would have likely been successful on appeal had the issues been properly preserved. The issues were in fact briefed and argued before the Court of Appeals and they affirmed without opinion. There is no way of knowing whether the Court of Appeals rejected the appeal because of the merits or because trial counsel failed to preserve the issues for appeal.

Respondent's Exhibit 125, pp. 2-3.

Most significant to this habeas proceeding, the PCR court determined that the facts of this case do not meet the statutory definition of entrapment under ORS 161.275. This state-court interpretation of state law is binding on a federal court in the habeas corpus context. *See Estelle v. McGuire*, 502 U.S. 62, 67-68

(1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Where the facts of Petitioner's case do not arise to entrapment under Oregon law, Petitioner was not prejudiced by his attorney's failure to preserve the issue for appeal. Accordingly, the PCR court's denial of the ineffective assistance of counsel claim in Ground 2(b) is neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied. The Court declines to to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 8th day of October, 2019.

Michael H. Simon
United States District Judge